UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

RASHAUN BLANFORD,

                              *Plaintiff*,        **ANSWER**

        -against-                  **Jury Trial Demanded**

Banks et. al.,                                        21-CV-0231

                             *Defendants*.       TJM/CFH

Defendants Banks, Demeree, Derocco, and Johnson, by their attorney, Letitia James, Attorney General of the State of New York, Andrew W. Koster, Assistant Attorney General, of counsel, answer the Complaint (Docket No. 1) and the "Supplemental Complaint" (Docket No. 17)[1] as follows:

1. Deny each and every allegation contained in the complaint that alleges or tends to allege that the challenged actions of the Defendants were in any way contrary to constitutional, statutory, regulatory, or case law and deny that plaintiff is entitled to the relief he seeks.

2. Deny all allegations contained on Page 2 of the Complaint.

3. Deny all allegations contained on Page 3 of the Complaint.

4. Deny all allegations contained on Page 4 of the Complaint.

5. Deny all allegations contained on Page 5 of the Complaint.

---

[1] Plaintiff filed the Complaint (Docket No. 1) on March 1, 2021 and filed the Supplemental Complaint (Docket No. 17) on May 17, 2021. On May 19, 2021, the Court stated that the original and supplemental complaint would constitute the operative pleading. *See* Docket No. 18. As a result, the Defendants submit a single Answer to both of Plaintiff's filings.

6. Deny all allegations contained on Page 6 of the Complaint.

7. Deny all allegations contained on Page 7 of the Complaint.

8. Deny all allegations contained on Page 8 of the Complaint.

9. Deny all allegations contained on Page 9 of the Complaint.

10. Deny Paragraphs 1 through 9 of the Supplemental Complaint.

11. Deny all allegations contained on Page 2-3 of the Supplemental Complaint.

12. Deny any allegation of the complaint not specifically responded to above.

## **Affirmative Defenses**

1. The complaint fails to state a claim upon which relief can be granted.

2. At all relevant times the Defendants acted under the reasonable belief that their conduct was in accordance with clearly established law. They are, therefore, protected under the doctrine of qualified immunity.

3. The complaint is barred, at least in part, under principles of res judicata and collateral estoppel.

4. To the extent plaintiff raises state law claims, they are barred by section 24 of the Correction Law, by the Eleventh Amendment, and by other state law.

5. To the extent plaintiff raises state law claims, they are barred by section 259-q of the Executive Law, by the Eleventh Amendment, and by other state law.

6. The complaint is barred by the applicable statute of limitations.

7. The complaint is barred, in whole or in part, under the Eleventh Amendment.

8. Plaintiff has failed to exhaust administrative remedies.

9. To the extent plaintiff has, on three or more occasions, brought an action or appeal that was dismissed on the grounds that it was frivolous, malicious, or failed to state a claim upon which relief may be granted, he is barred from proceeding under section 1915.

10. Upon information and belief, plaintiff has been convicted of one or more felonies or other crimes for which there are or may be restitution orders pending. Pursuant to section 807 of the Prison Litigation Reform Act of 1995, any compensatory damages to be awarded plaintiff herein shall be paid directly to satisfy any such outstanding orders until paid in full. Therefore, plaintiff is or may not be entitled to any payment herein.

11. Upon information and belief, plaintiff has been convicted of one or more felonies or other crimes. Pursuant to section 808 of the Prison Reform Act of 1995, prior to payment of any compensatory damages to plaintiff, reasonable efforts shall be made to notify the victims of the crime for which plaintiff was convicted and incarcerated. Upon information and belief, plaintiff must be compelled to cooperate in the notification of his victims prior to payment of any judgment herein, or he should be barred from recovery.

12. The Defendants hereby demand a trial by jury.

WHEREFORE, the Defendants respectfully ask that this Court deny the relief requested, dismiss the complaint, and grant such other relief as to the Court shall seem is just and equitable.

Dated: Albany, New York
       May 24, 2021

                              LETITIA JAMES
                              Attorney General of the State of New York
                              Attorney for Defendants Banks, Demeree, Derocco,
                                    and Johnson
                              The Capitol
                              Albany, New York 12224

                              By: *s/ Andrew W. Koster*
                              Andrew W. Koster
                              Assistant Attorney General, of Counsel
                              Bar Roll No.   701106
                              Telephone:     (518) 776-2609
                              Email: andrew.koster@ag.ny.gov

TO:   Rashaun Blanford, Pro Se
        DIN 18B0908
        Attica Correctional Facility
        639 Exchange Street
        Attica, NY  14011-0149
        VIA FIRST CLASS MAIL