UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

RASHAUN BLANFORD,

*Plaintiff*,

-against-

CORRECTION OFFICER S. BANKS, et al.,

*Defendants*.

**DECLARATION OF
BRIAN EDWARDS**

9:21-CV-0231
(TJM/CFH)

---

BRIAN EDWARDS, on the date noted below and pursuant to § 1746 of title 28 of the United States Code, declares the following to be true and correct under penalty of perjury under the laws of the United States of America:

1.      I am employed by the New York State Department of Corrections and Community Supervision ("DOCCS").  I am currently one of two Incarcerated Grievance Program ("IGP") Supervisors at Attica Correctional Facility ("Attica").  I have been employed at Attica as an IGP supervisor since April, 2022.  As an IGP Supervisor, I am fully familiar with the procedures available to incarcerated individuals for filing and processing grievances at Attica.

2.      I submit this declaration based on my personal knowledge and upon review of the applicable regulations, DOCCS Directives, and records kept by DOCCS in the ordinary course of business.

3.      Although I am not a party to this lawsuit, I submit this declaration in support of defendants' motion for summary judgment.

1

<u>Incarcerated Grievance Program at Attica</u>

4.      The Incarcerated Grievance Program at DOCCS is provided for in Part 701 Title 7 of the Official Compilation of Codes, Rules and Regulations of the State of New York ("N.Y.C.R.R."). The grievance process is also described in detail in DOCCS Directive #4040. NYCRR Title 7 and Directive #4040 are available in the Attica law library.

5.      To start the grievance process, an incarcerated individual sends a written complaint to the grievance office. A complaint may be written on a grievance form available to incarcerated individuals at Attica, or on regular paper.  A grievance must be filed with the grievance office within twenty-one (21) calendar days of the alleged occurrence that the incarcerated individual seeks to grieve. Grievances received after the 21 calendar days have elapsed will be considered untimely and will not be filed.  However, if there are mitigating circumstances, which are provided for in Section 701.6(g) of Directive #4040, an incarcerated individual may submit a written request for permission to file a late grievance, so long as the written request is received within 45 days of the alleged incident.

6.      Pursuant to 7 N.Y.C.R.R. § 701.5(a)(1) grievances must be filed at the facility where the incarcerated individual is housed even if the grievance pertains to another facility.  A grievance is considered filed for purposes of 7 N.Y.C.R.R. § 701.5(a)(1) the date that it is received and processed by the facility grievance office, not when the grievance was dated or mailed by the incarcerated individual.

7.      Once an incarcerated individual's grievance is determined to be timely, the grievance is logged, coded, and titled.  An investigation request is sent to investigate the incarcerated individual's claims. After the investigative report is returned, a grievance hearing is

conducted by the Inmate Grievance Resolution Committee ("IGRC"). Within two (2) days following the hearing, the IGRC's determination is logged and forwarded to the incarcerated individual, who is advised that—if he or she disagrees with some or all of the IGRC's determination—he or she must appeal the IGRC determination to the Superintendent within seven (7) calendar days. Occasionally, a grievance may be resolved informally prior to a hearing before the IGRC.

8.      DOCCS has an expedited procedure for the review of grievances alleging harassment by DOCCS employees. If an incarcerated individual filed a grievance alleging staff misconduct, after the same is logged, coded and titled, it is forwarded directly to the Superintendent's office the day it is received, where an officer with a higher ranking than the staff member alleged to have committed the misconduct is assigned to investigate the claims. Grievances alleging staff misconduct receive a Superintendent response, rather than an IGRC determination. *See* 7 N.Y.C.R.R. 701.8(a).

9.      Upon issuance of the Superintendent's response in either instance, an incarcerated individual who is not satisfied can appeal to the Central Office Review Committee ("CORC"), the third and final step under DOCCS' Incarcerated Grievance Program.

10.      At Attica, all documents, or copies thereof, related to a particular grievance, including the grievance, investigations, and appeals, are stored in the Attica grievance office in the regular course of that office's activities as they are created or received. The Attica grievance office keeps all such documents for grievances filed in the current year and in the previous four (4) calendar years—thus, our office has on file all grievances filed in Attica from January 1, 2018 to

3

the present.   All such documents are made and maintained in the regular course of facility operations and it is a regular practice to make and maintain such records.

<u>Grievances filed by Incarcerated Individual Rashaun Blanford</u>

11.     In preparing to draft this Declaration, I have reviewed the grievance files for plaintiff, Rashaun Blanford (DIN: 18-B-0908)("plaintiff"), which are maintained in the regular course of business at the Attica grievance office.

12.     It is my understanding that plaintiff asserts that defendants, Correction Officer S. Banks, Rehabilitation Coordinator B. Demeree, Registered Nurse S. Derocco and Correction Officer D. Johnson (collectively "defendants"), violated his Eighth Amendment rights. Specifically, plaintiff claims that the defendants subjected him to excessive force and sexual assault, failed to intervene when he was subjected to excessive force, were indifferent to his serious medical needs, and committed medical malpractice while he was housed at Marcy from February 2, 2021 through February 6, 2021.

13.     Plaintiff's claims in this action are the proper subject for a grievance under the IGP.

14.     Throughout the time plaintiff was incarcerated at Attica, from March 4, 2021 through June 21, 2021, he had full access to Attica's grievance office, including the ability to file grievance complaints. Annexed hereto as **Exhibit "A"** is a copy of Plaintiff's Chronological History Display showing when he was housed at Attica.

15.     If plaintiff either filed or attempted to file any grievances related to the claims at issue in this matter while he was housed at Attica, there would be a record of it in Attica's grievance office.

4

16.     A review of the records maintained by Attica's grievance office indicates that plaintiff did not file any grievances related to the claims at issue in this matter while he was housed at Attica. Annexed hereto as **Exhibit "B"** is a list of all the grievances Plaintiff filed while he was housed at Attica.

17.     Accordingly, plaintiff did not file any grievances with Attica's grievance office concerning his claims against the defendants outlined in ¶ 12 above, that are the subject of this action.

18.     My review of plaintiff's records maintained in the grievance office also indicates that plaintiff did not submit a written request for an extension of time to file a grievance concerning his allegations set forth in ¶ 12 above.

19.     During my review of plaintiff's records, it appears plaintiff did file a prison rape elimination act complaint against defendants Banks and Johnson, but never availed himself of the grievance process, despite apparently knowing how to do so, as outlined in **Exhibit B**.

20.     The deadline for plaintiff to file a grievance relating to his claims in this action was February 23, 2021[1], and the deadline for plaintiff to submit a written request for an extension of time to file a late grievance was March 18, 2021.

21.     Since DOCCS' records reflect that the plaintiff did not file a grievance against any of the named defendants with respect to the claims outlined in ¶ 12 above; plaintiff has failed to exhaust his administrative remedies as required by 42 U.S.C. §1997e(a).

---

1 Plaintiff would have needed to file a timely grievance at Marcy Correctional Facility, as he was not housed at Attica until March 4, 2021. Plaintiff could have filed a request to submit a late grievance once he arrived at Attica until March 18, 2021.

Dated:  September 26, 2022,
         Attica, New York

Brian Edwards

# Exhibit A

```
 07/21/21                     LOCATOR SYSTEM                        KLOCM6B
                        CHRONOLOGICAL HISTORY DISPLAY
                            04 GREAT MEADOW
   DIN 18-B-0908    NYSID 02895300-N   FACILITY GRT MEAD BHU   LOCATION BH-02-D08
   NAME BLANFORD, RASHAUN                    DOB 05/27/96   SEX M    E/R NB


   EFFECTIVE     DATE        SENDING      RECEIVING FAC/   TRANSACTION
     DATE       ENTERED      FACILITY    OUTCOUNT LOCATION     TYPE        CELL
   01/19/21    01/19/21    GRT MEAD BHU   DWNSTATE REC    INTRANS RECV   01-0D-035
   01/21/21    01/21/21    DWNSTATE REC   MARCY RMHU      INTRANS SENT   01-0D-035
   01/21/21    01/21/21    GRT MEAD BHU   MARCY RMHU      TRANSFER IN    RM-A1-017
   03/04/21    03/04/21    MARCY RMHU     ATTICA GEN      TRANSFER OUT   RM-A1-024
   03/04/21    03/04/21    MARCY RMHU     ATTICA GEN      TRANSFER IN    RB-CN-001
   06/21/21    06/21/21    ATTICA GEN     GRT MEAD BHU    TRANSFER OUT   RB-CE-014
   06/21/21    06/21/21    ATTICA GEN     AUBURN DEPOT    INTRANS RECV   0D-08-16B
   06/22/21    06/22/21    AUBURN DEPOT   GRT MEAD BHU    INTRANS SENT   0D-08-16B
   06/22/21    06/22/21    AUBURN DEPOT   DWNSTATE REC    INTRANS RECV   SH-1E-018
   06/26/21    06/26/21    DWNSTATE REC   1061            OUTSIDE HOSP   HS-00-X01
   06/30/21    06/30/21                   DWNSTATE REC    OUTCOUNT RET   HS-00-X01
   07/09/21    07/09/21    DWNSTATE REC   1061            OUTSIDE HOSP   HS-00-X01
   07/13/21    07/13/21    DWNSTATE REC   GRT MEAD BHU    INTRANS SENT    -   -


    <ENTER> CONTINUE   <PF3> EXIT(FUNCTION)    <PF4> RETURN   <CLEAR> EXIT(SYSTEM)
              <PF7> SCROLL BACKWARD     <PF8> SCROLL FORWARD
```

000185

# Exhibit B

# Grievance Search

| Grievance Number | Name | DIN | Code | Date of Grievance | Title Of Grievance | Date of Hearing | Date Returned from Supt | CORC Submit Date | Solved Informal |
|---|---|---|---|---|---|---|---|---|---|
| A-0536-21 | BLANFORD, R | 18-B-0908 | 49 | 03/29/2021 | CO Harassment | | 04/21/2021 | | |
| A-0599-21 | BLANFORD, R | 18-B-0908 | 24 | 04/08/2021 | SPECIAL PROGRAMMING | 04/12/2021 | 04/20/2021 | | |
| A-0786-21 | BLANFORD, R | 18-B-0908 | 24 | 05/05/2021 | SHU MAIL PROCEDURE | 05/17/2012 | | | |
| A-0860-21 | BLANFORD, R | 18-B-0908 | 22 | 05/14/2021 | OMH TREATMENT | | 05/17/2021 | | |

Total:   4

000134

Wednesday, July 21, 2021