UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
RASHAUN BLANFORD,

                            Plaintiff,                                  **DECLARATION OF**
                                                                             **RACHAEL SEGUIN**

       -against-

                                                                               Index No. 9:21-CV-0231
CORRECTION OFFICER S. BANKS, et al.,                    (TJM/CFH)

                            Defendant.
----------------------------------------------------------------X

       RACHAEL SEGUIN, on the date noted below and pursuant to § 1746 of title 28 of the United States Code, declares the following to be true and correct under penalty of perjury under the laws of the United States of America:

       1.      I am the Director of the Incarcerated Grievance Program ("IGP") with the New York State Department of Corrections and Community Supervision ("DOCCS").

       2.      As Director of the IGP, my duties and responsibilities include maintaining records of appeals of grievances filed by incarcerated individuals. Specifically, I oversee the records that DOCCS maintains of appeals received by the Central Office Review Committee ("CORC"), which is the final level of administrative review in the IGP.

       3.      I am not a party to this action, but make this declaration in support of Defendant's motion, insofar as it seeks summary judgment and dismissal of this lawsuit for Plaintiff's failure to exhaust their administrative remedies.

       4.      DOCCS has established the IGP in accordance with Correction Law § 139. DOCCS's policies and procedures regarding the IGP are set forth in Part 701 of Title 7 of the Official Compilation of Codes, Rules and Regulations of the State of New York ("NYCRR"). These regulations are mirrored with minor refinements in DOCCS Directive #4040.

5. Upon information and belief, NYCRR Title 7 is available in the Law Library at every DOCCS correctional facility (and was so available at all times relevant to this action). DOCCS Directive #4040 is also distributed to every facility and is available in every facility Law Library and grievance office (and was so available at all times relevant to this action). Thus, the written policies and procedures concerning the IGP are widely distributed and readily accessible to incarcerated individuals. Incarcerated individuals confined to a Special Housing Unit, or otherwise confined, may request such materials from the Law Library for in-cell use.

6. The DOCCS incarcerated grievance process allows any incarcerated individual who is personally affected by an issue to submit their grievance complaint to the Incarcerated Grievance Resolution Committee ("IGRC"), a facility committee made up of elected incarcerated representatives and appointed staff members.

7. The incarcerated grievance process established by 7 NYCRR § 701.5 involves three steps: (1) the incarcerated individual must file a complaint with the IGRC within 21 calendar days of an alleged incident at the individual facility where the incarcerated individual is housed, even if the alleged incident occurred at another facility. The IGRC has 16 calendar days in which to attempt to informally resolve the complaint, or hold a hearing; (2) if dissatisfied with the IGRC recommendation, the incarcerated individual may appeal it to the Superintendent of the facility within 7 calendar days after receipt of the IGRC's written response. The request to appeal must be submitted, in writing, directly to the IGRC at the facility where the grievance was filed. The Superintendent has 20 calendar days to render a response; and (3) if dissatisfied with the Superintendent's response, the incarcerated individual may appeal the decision to CORC within 7 calendar days after receipt of the Superintendent's

written response. The request to appeal to CORC must also be submitted, in writing, directly to the IGRC at the facility where the grievance was filed, for forwarding to CORC.

8. CORC is the final appellate level of the Incarcerated Grievance Program.

9. DOCCS also provides an expedited procedure for the review of grievances alleging harassment or misconduct by DOCCS employees. See 7 NYCRR § 701.8. A grievance that falls under this category will be directly forwarded to the Superintendent upon filing, who has 25 calendar days to render a response. While the expedited procedure allows for direct forwarding of such a grievance to the Superintendent of the facility, an incarcerated individual must still initiate the grievance process by filing a grievance in accordance with § 701.5. See § 701.8(a). If an incarcerated individual disagrees with the Superintendent's response, they must still appeal the decision to CORC to exhaust their administrative remedies. See § 701.8(h). Further, if an incarcerated individual fails to receive a response to an expedited grievance from the Superintendent within the specified time period, the failure to respond may be construed as a denial, and the incarcerated individual must still appeal to CORC to exhaust their administrative remedies. See § 701.8(g).

10. It is my understanding that Plaintiff Rashaun Blanford, DIN 18-B-0908 ("Plaintiff"), brings this action against Defendants Correction Officer S. Banks, Rehabilitation Coordinator B. Demeree, Registered Nurse S. Derocco and Correction Officer D. Johnson (collectively "Defendants") alleging, upon information and belief, that on or about February 2, 2021 through February 6, 2021, while Plaintiff was housed at Marcy Correctional Facility, Defendants violated Plaintiff's Eighth Amendment rights. Specifically, Plaintiff claims that the Defendants subjected them to excessive force and sexual assault, failed to intervene when they

3

were subjected to excessive force, were indifferent to Plaintiff's serious medical needs, and committed medical malpractice.

11. While an incarcerated individual may, but is not required to, file a grievance concerning an alleged incident of sexual abuse, any additional matters related to such an incident must still be exhausted through the typical grievance process described in paragraphs "6" through "9" above. As such, except for the claim of alleged sexual assault, all of Plaintiff's remaining claims outlined in paragraph "10" above are proper subjects for a grievance under DOCCS grievance procedures outlined in 7 NYCRR § 701.1 et seq.

12. When an incarcerated individual appeals a grievance to CORC, DOCCS Directive #4040 stipulates that it is DOCCS policy to maintain grievance files for the current calendar year and the previous four calendar years. CORC maintains files of grievance appeals received by CORC in accordance with the Directive. In fact, the CORC computer database contains records of appeals of grievances received from the facility IGP Supervisor, including those reviewed under the expedited procedure of 7 NYCRR § 701.8, which have been heard and decided by CORC since the 1990s.

13. My capacity as IGP Director includes, among other things, serving as a custodian of the records maintained by CORC.

14. This declaration is based upon my personal knowledge and my review of the grievance database maintained in CORC, which is created and kept in the ordinary course of business at DOCCS.

15. At the request of the Office of the New York State Attorney General, I have conducted a diligent search of CORC records for appeals received from facility-level grievance determinations pertaining to Plaintiff. Attached as **Exhibit A** is a true and correct copy of the

computer printout from the CORC database reflecting the results of that search, as of September 22, 2022, which was created and maintained in the usual course of business at CORC.

16.     As evidenced by **Exhibit A,** CORC did not receive, nor has it ever received, any appeals from Plaintiff regarding their Eight Amendment claims against Defendants, or any other staff misconduct, from February 2, 2021 through February 6, 2021.

17.     Accordingly, Plaintiff has failed to exhaust their administrative remedies.


Dated: Albany, New York
       September 22nd, 2022

                                                              _____
                                                              RACHAEL SÉGUIN

# Exhibit A

Department of Corrections and Community Supervision                                            Rachael A. Seguin

   **Inmate Grievance**      Search Page      Custom Search

# Active Cases ▸ 18B0908

| Case Number | Title | Grievant Last Name | Grievant DIN Number | Consolidators | Date Filed | Supt Date | Received Date | Case Code |
|---|---|---|---|---|---|---|---|---|

There are no items to show in this view of the "Active Cases" list. To add a new item, click "New".

Department of Corrections and Community Supervision                                              Rachael A. Seguin



**Inmate Grievance**  Search Page  Custom Search

## Closed Cases ▸ 18B0908

Search this site

| Case Number | Title | Grievant Last Name | Grievant DIN Number | Consolidators | Date Filed | Received Date | Schd Date | Case Code |
|---|---|---|---|---|---|---|---|---|

There are no items to show in this view of the "Closed Cases" list. To add a new item, click "New".