UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

RASHAUN BLANFORD,

**DECLARATION OF
ERIN PFENDLER**

*Plaintiff,*

-against-

9:21-CV-0231
(TJM/CFH)

CORRECTION OFFICER S. BANKS, et al.,

*Defendants.*

---

ERIN PFENDLER, on the date noted below and pursuant to § 1746 of title 28 of the United States Code, declares the following to be true and correct under penalty of perjury under the laws of the United States of America:

1.      I am employed by the New York State Department of Corrections and Community Supervision ("DOCCS"). I am currently the Incarcerated Grievance Program ("IGP") Supervisor at Marcy Correctional Facility ("Marcy"). I have been employed at Marcy as the IGP supervisor since January of 2015. As the IGP Supervisor, I am fully familiar with the procedures available to incarcerated individuals for filing and processing grievances at Marcy.

2.      I submit this declaration based on my personal knowledge and upon review of the applicable regulations, DOCCS Directives, and records kept by DOCCS in the ordinary course of business.

3.      Although I am not a party to this lawsuit, I submit this declaration in support of defendants' motion for summary judgment.

Incarcerated Grievance Program at Marcy

4.     The Incarcerated Grievance Program at DOCCS is provided for in Part 701 Title 7 of the Official Compilation of Codes, Rules and Regulations of the State of New York ("N.Y.C.R.R."). The grievance process is also described in detail in DOCCS Directive #4040. NYCRR Title 7 and Directive #4040 are available in the Marcy law library.

5.     To start the grievance process, an incarcerated individual sends a written complaint to the grievance office. A complaint may be written on a grievance form available to incarcerated individuals at Marcy, or on regular paper.  A grievance must be filed with the grievance office within twenty-one (21) calendar days of the alleged occurrence that the incarcerated individual seeks to grieve. Grievances received after the 21 calendar days have elapsed will be considered untimely and will not be filed.  However, if there are mitigating circumstances, which are provided for in Section 701.6(g) of Directive #4040, an incarcerated individual may submit a written request for permission to file a late grievance, so long as the written request is received within 45 days of the alleged incident.

6.     Pursuant to 7 N.Y.C.R.R. § 701.5(a)(1) grievances must be filed at the facility where the incarcerated individual is housed even if the grievance pertains to another facility.  A grievance is considered filed for purposes of 7 N.Y.C.R.R. § 701.5(a)(1) the date that it is received and processed by the facility grievance office, not when the grievance was dated or mailed by the incarcerated individual.

7.     Once an incarcerated individual's grievance is determined to be timely, the grievance is logged, coded, and titled.  An investigation request is sent to investigate the incarcerated individual's claims. After the investigative report is returned, a grievance hearing is

conducted by the Inmate Grievance Resolution Committee ("IGRC"). Within two (2) days following the hearing, the IGRC's determination is logged and forwarded to the incarcerated individual, who is advised that—if he or she disagrees with some or all of the IGRC's determination—he or she must appeal the IGRC determination to the Superintendent within seven (7) calendar days.  Occasionally, a grievance may be resolved informally prior to a hearing before the IGRC.

8.      DOCCS has an expedited procedure for the review of grievances alleging harassment by DOCCS employees.  If an incarcerated individual filed a grievance alleging staff misconduct, after the same is logged, coded and titled, it is forwarded directly to the Superintendent's office the day it is received, where an officer with a higher ranking than the staff member alleged to have committed the misconduct is assigned to investigate the claims. Grievances alleging staff misconduct receive a Superintendent response, rather than an IGRC determination. *See* 7 N.Y.C.R.R. 701.8(a).

9.      Upon issuance of the Superintendent's response in either instance, an incarcerated individual who is not satisfied can appeal to the Central Office Review Committee ("CORC"), the third and final step under DOCCS' Incarcerated Grievance Program.

10.      At Marcy, all documents, or copies thereof, related to a particular grievance, including the  grievance, investigations, and appeals, are stored in the Marcy grievance office in the regular course of that office's activities as they are created or received. The Marcy grievance office keeps all such documents for grievances filed in the current year and in the previous four (4) calendar years—thus, our office has on file all grievances filed in Marcy from January 1, 2018

to the present. All such documents are made and maintained in the regular course of facility operations and it is a regular practice to make and maintain such records.

<u>Grievances filed by Incarcerated Individual Rashaun Blanford</u>

11.    In preparing to draft this Declaration, I have reviewed the grievance files for plaintiff, Rashaun Blanford (DIN: 18-B-0908) ("plaintiff"), which are maintained in the regular course of business at the Marcy grievance office.

12.    It is my understanding that plaintiff asserts that defendants, Correction Officer S. Banks, Rehabilitation Coordinator B. Demeree, Registered Nurse S. Derocco and Correction Officer D. Johnson (collectively "defendants"), violated his Eighth Amendment rights. Specifically, plaintiff claims that the defendants subjected him to excessive force and sexual assault, failed to intervene when he was subjected to excessive force, were indifferent to his serious medical needs, and committed medical malpractice while he was housed at Marcy from February 2, 2021 through February 6, 2021.

13.    Plaintiff's claims in this action are the proper subject for a grievance under the IGP.

14.    Throughout the time plaintiff was incarcerated at Marcy, from January 21, 2021 through March 4, 2021, he had full access to Marcy's grievance office, including the ability to file grievance complaints. Annexed hereto as **Exhibit "A"** is a copy of Plaintiff's Chronological History Display showing when he was housed at Marcy.

15.    If plaintiff either filed or attempted to file any grievances related to the claims at issue in this matter while he was housed at Marcy, there would be a record of it in Marcy's grievance office.

4

16.     A review of the records maintained by Marcy's grievance office indicates that plaintiff did not file any grievances related to the claims at issue in this matter while he was housed at Marcy. Annexed hereto as **Exhibit "B"** is a list of all the grievances Plaintiff filed while he was housed at Marcy.

17.     Accordingly, plaintiff did not file any grievances with Marcy's grievance office concerning his claims against the defendants outlined in ¶ 12 above, that are the subject of this action.

18.     My review of plaintiff's records maintained in the grievance office also indicates that plaintiff did not submit a written request for an extension of time to file a grievance concerning his allegations set forth in ¶ 12 above.

19.     During my review of plaintiff's records, it appears plaintiff did file a prison rape elimination act complaint against defendants Banks and Johnson, but never availed himself of the grievance process, despite apparently knowing how to do so, as outlined in **Exhibit B**.

20.     The deadline for plaintiff to file a grievance relating to his claims in this action was February 23, 2021, and the deadline for plaintiff to submit a written request for an extension of time to file a late grievance was March 18, 2021.

21.     Since DOCCS' records reflect that the plaintiff did not file a grievance against any of the named defendants with respect to the claims outlined in ¶ 12 above; plaintiff has failed to exhaust his administrative remedies as required by 42 U.S.C. §1997e(a).

Dated: September 09,2022
            Marcy, New York

_____
                              Erin Pfendler

5

# Exhibit A

```
07/21/21                        LOCATOR SYSTEM                          KLOCM6B
                        CHRONOLOGICAL HISTORY DISPLAY
                            04 GREAT MEADOW
   DIN 18-B-0908    NYSID 02895300-N   FACILITY GRT MEAD BHU    LOCATION BH-02-D08
   NAME BLANFORD, RASHAUN                    DOB 05/27/96    SEX M   E/R NB
```

| EFFECTIVE DATE | DATE ENTERED | SENDING FACILITY | RECEIVING FAC/ OUTCOUNT LOCATION | TRANSACTION TYPE | CELL |
|---|---|---|---|---|---|
| 01/19/21 | 01/19/21 | GRT MEAD BHU | DWNSTATE REC | INTRANS RECV | 01-0D-035 |
| 01/21/21 | 01/21/21 | DWNSTATE REC | MARCY RMHU | INTRANS SENT | 01-0D-035 |
| 01/21/21 | 01/21/21 | GRT MEAD BHU | MARCY RMHU | TRANSFER IN | RM-A1-017 |
| 03/04/21 | 03/04/21 | MARCY RMHU | ATTICA GEN | TRANSFER OUT | RM-A1-024 |
| 03/04/21 | 03/04/21 | MARCY RMHU | ATTICA GEN | TRANSFER IN | RB-CN-001 |
| 06/21/21 | 06/21/21 | ATTICA GEN | GRT MEAD BHU | TRANSFER OUT | RB-CE-014 |
| 06/21/21 | 06/21/21 | ATTICA GEN | AUBURN DEPOT | INTRANS RECV | 0D-08-16B |
| 06/22/21 | 06/22/21 | AUBURN DEPOT | GRT MEAD BHU | INTRANS SENT | 0D-08-16B |
| 06/22/21 | 06/22/21 | AUBURN DEPOT | DWNSTATE REC | INTRANS RECV | SH-1E-018 |
| 06/26/21 | 06/26/21 | DWNSTATE REC | 1061 | OUTSIDE HOSP | HS-00-X01 |
| 06/30/21 | 06/30/21 | | DWNSTATE REC | OUTCOUNT RET | HS-00-X01 |
| 07/09/21 | 07/09/21 | DWNSTATE REC | 1061 | OUTSIDE HOSP | HS-00-X01 |
| 07/13/21 | 07/13/21 | DWNSTATE REC | GRT MEAD BHU | INTRANS SENT | - - |

```
   <ENTER> CONTINUE   <PF3> EXIT(FUNCTION)     <PF4> RETURN    <CLEAR> EXIT(SYSTEM)
              <PF7> SCROLL BACKWARD      <PF8> SCROLL FORWARD
```

000185

# Exhibit B



**NEW YORK STATE** | **Corrections and Community Supervision**

**ANDREW M. CUOMO**
Governor

**ANTHONY J. ANNUCCI**
Acting Commissioner

July 21, 2021

## CERTIFICATE OF RECORDS

I, <u>Anthony Rose, A/IGPS</u>, do hereby certify that this is an exact and true copy of the requested

documents for Inmate <u>BLANFORD,</u> RASHAUN DIN<u>18B0908.</u>

NAME: _____

Anthony Rose
Acting Inmate Grievance Program Supervisor

Sworn to before me this ____21____

day of _____July_____2021.

Notary Signature

MELISSA D. PHILLIPS
Notary Public in the State of New York
Qualified in Herkimer County 01PH6337515
My Commission Expires Feb. 29, 20 24

Marcy Correctional Facility, 9000 Old River Road, P.O. Box 5000, Marcy, NY 13403-5000 | (315) 768-1400 | www.doccs.ny.gov

000272

# *BLANFORD, R., 18B0908, RMHU*

| *NUMBE* | *CODE* | *DATE FILED* | *DATE OF HEARING* | *TITLE* | *IGRC DECISION* | *DATE SUBMITTED (SUPT)* | *DATE RETURNED (SUPT)* | *RESOLUTION NOTES* |
|---|---|---|---|---|---|---|---|---|
| MCY 00262 -1 | 23 | 1/25/2021 | 1/27/2021 | DENIED TABLET | D | | | DISMISSED AND CLOSED |

000273