UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

RASHAUN BLANFORD,

                              *Plaintiff*,

    -against-

BANKS et. al.,

                             *Defendants*.

**STIPULATION OF CONFIDENTIALITY AND PROTECTIVE ORDER**

21-CV-0231

TJM/CFH

WHEREAS discovery herein may include the production of information and/or documents that: (a) contain highly sensitive information, policies, procedures or other matters that, if disclosed, could jeopardize correctional or institutional safety, security or good order, (b) contain information that is confidential under state or federal law, or (c) contain personal or confidential information.

IT IS HEREBY STIPULATED AND AGREED that:

1.    The term "document" as used herein is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a) and Rule 26.3(c)(2) of the Local Civil Rules of this Court.

2.    Defendants may designate as confidential ("Confidential Material") documents produced from the records of the New York State Department of Corrections and Community Supervision ("DOCCS") and the information contained therein, the disclosure of which Defendants or DOCCS reasonably believe would jeopardize correctional or institutional safety, security or good order, or which contain information that is confidential under state or federal law.

1

3. Defendants may further designate as "Attorney's Eyes Only" documents in the following categories.

    a. Reports and other records prepared by the DOCCS Office of Special Investigations, or its predecessor entity the DOCCS Office of the Inspector General, in connection with an investigation conducted by that entity;

    b. All personnel, health care (including, but not limited to, drug or substance abuse records), mental health care, and labor relations records that contain personally identifiable information concerning any employee of DOCCS, any incarcerated individual in the custody of DOCCS, or any person subject to community supervision by DOCCS, provided that, for mental health records, the review and determination required by New York Mental Health Law § 33.16 has been completed before any records approved for release are produced;

    c. Any individual's personnel records or other documents pertaining to the individual's employment, including, but not limited to, records of disciplinary proceedings, performance evaluations, and counseling;

    d. All directives or written policies issued by DOCCS or any correctional facility operated by DOCCS that are classified as "D" within the meaning of DOCCS Directive 0001, indicating that they contain information affecting the safety and security of correctional facilities and are handled as confidential material and restricted from unauthorized access;

    e. All DOCCS training materials that refer to or concern correctional, community supervision or institutional safety, security, or good order;

    f. Any other records, photographs, videos, maps, diagrams or materials that Defendants or DOCCS believe would compromise the safety or security of a DOCCS facility or office if disclosed to an incarcerated individual in the custody of DOCCS and/or the general public;

    g. Documents that contain impressions, opinions and/or conclusions of DOCCS staff, or that contain information concerning persons other than Plaintiffs.

    h. Any information of a personal or intimate nature regarding any individual.

4. All transcripts of depositions taken in this Action will be treated as Confidential Material and Attorney's Eyes Only in their entirety for thirty (30) days after being notified that a full and final copy of the deposition transcript is available. During that thirty (30) day period, either party may designate as Confidential Material and/or Attorney's Eyes Only any portion of the transcript, by page and line, and any deposition exhibits related to the subject areas described in Paragraphs 2 or 3 herein, and such designation must be provided to Plaintiff's counsel and Defendant's counsel in writing to be deemed effective. Any portion of the deposition transcript or exhibits not so designated during the thirty (30) day period will not be treated as Confidential Material or Attorney's Eyes Only. Nothing contained herein shall remove a previous Confidential Material or Attorney's Eyes Only designation from any exhibit mentioned, referenced, marked, identified or otherwise utilized during the deposition.

5. An inadvertent failure to designate Confidential or Attorney's Eyes Only material may be corrected by supplemental written notice given as soon as practicable.

6. Notwithstanding the treatment as Confidential Material or Attorney's Eyes Only of personnel, health care or mental health care records that contain personally identifiable information concerning any employee of DOCCS or any incarcerated individual in the custody of DOCCS, it is understood that the names, residence addresses, employee insurance information, Social Security numbers, NYSID and FBI numbers and/or Department Identification Numbers ("DIN") of any employee, incarcerated individual, or other person who has not provided DOCCS with a duly executed authorization permitting disclosure of such information shall be redacted from the documents produced by DOCCS.

7. Confidential and Attorney's Eyes Only material shall be treated as confidential and not disclosed, except to the extent provided in this Stipulation and Protective Order or as otherwise ordered by the Court.

8. After a party produces documents or information designated in whole or in part as Confidential Material or Attorney's Eyes Only, the receiving party has 30 days to challenge the designation in writing to the producing party. Within 15 days of the written challenge, the parties shall in good faith attempt to resolve the dispute. If the parties cannot resolve the dispute within 15 days, the receiving party shall have 30 days to make an application to the Court on notice requesting the Confidential Material or Attorney's Eyes Only designation. If an application to the Court is made, the Court's procedures for resolving discovery disputes shall be followed.  Material designated as Confidential and/or Attorney's Eyes Only shall be treated as such until either the parties agree or the Court rules otherwise. Failure by the producing party to oppose the application to the Court will be deemed a de-designation.

9. chall

10. Except as otherwise provided in this Stipulation and Protective Order, access to Confidential Material and Attorney's Eyes Only Material shall be limited to:

    a. Attorneys for Plaintiffs;

    b. Defendants and attorneys for Defendants;

    c. Employees and independent contractors of the respective attorneys for Plaintiffs or Defendants who have direct functional responsibility for the preparation or trial of this action, or any appeal thereof;

   d. The parties' respective experts and consultants, to the extent deemed necessary to the conduct of this litigation by the respective attorneys for Plaintiffs or Defendants, except that, prior to any such person being given access to the Confidential Material, that person shall be given a copy of this Stipulation and Protective Order and shall execute the Certification annexed hereto;

   e. Individual employees of DOCCS, to the extent that such individual employees would have access to the Confidential Material as part of their employment with DOCCS;

   f. Court reporters, to the extent deemed necessary for the conduct of this litigation by the respective attorneys for Plaintiffs or Defendants; and

   g. The Court, including court personnel.

   h. All Confidential Material may be used by any party in a deposition of any witness and will be subject to the provisions in paragraph 4.

   i. As for Confidential Material *only*, counsel for Plaintiffs may allow Plaintiffs to view and inspect Confidential Material as necessary to prosecute this action. However, Plaintiffs shall not retain copies of Confidential Material. **As for Attorney's Eyes Only material, Plaintiffs' counsel may *not* show or provide copies of Attorney's Eyes Only material to Plaintiffs or any current or former incarcerated individual, nor may they discuss or otherwise disclose the contents of Attorney's Eyes Only material with Plaintiffs or any current or former incarcerated individual.**

 11. Confidential or Attorney's Eyes Only material may be disclosed pursuant to order of a court, administrative agency or tribunal with actual or apparent authority over Plaintiffs' counsel, provided, however, that in the event that Plaintiffs' counsel intends to produce documents containing Confidential or Attorney's Eyes Only material or that contain Confidential or Attorney's Eyes Only material obtained from such documents in response to such order, Plaintiffs' counsel shall serve notice of such order upon Defendants' counsel, identifying by Bates numbers the

documents it intends to produce, not less than ten (10) business days prior to the production thereof, to give Defendants the opportunity to seek a protective order against such production.

12. Except as consented to in writing by Defendants' counsel, or ordered by the Court, and notwithstanding any other term or provision contained in this Stipulation and Protective Order, Attorney's Eyes Only material shall not be released or disclosed in any manner to any person who is or was an incarcerated individual in the custody of DOCCS, <u>including</u> the Plaintiff.

13. Except as consented to in writing by Defendants' counsel, or ordered by the Court, and notwithstanding any other term or provision contained in this Stipulation and Protective Order, Confidential material shall not be released or disclosed in any manner to any person who is or was an incarcerated individual in the custody of DOCCS, <u>except</u> the Plaintiff. Disclosure of Confidential material to the Plaintiff shall be subject to Paragraph 10(i) above.

14. No person receiving Confidential or Attorney's Eyes Only material pursuant to this Stipulation and Protective Order shall disclose or discuss such material in any manner, written or oral, to or with any person who is not entitled to receive such information pursuant to this Stipulation and Protective Order.

15. The Confidential or Attorney's Eyes Only material shall not be disclosed in open court without first affording Defendants' counsel an opportunity to contest disclosure and/or admissibility of such Confidential or Attorney's Eyes Only material.

16. If Plaintiff's attorneys intend to file with the Court any papers that attach, enclose, or contain Confidential or Attorney's Eyes Only material (as defined in this Stipulation and Protective Order), and Defendants' attorneys do not provide consent in writing, Plaintiff's attorneys

shall request or move the Court to direct that such documents be filed under seal, following the Court's rules, procedures, and practices for making such a request or motion.

17. All papers directed by the Court to be filed under seal in accordance with Paragraph 16 above, shall be filed in accordance with the Sealed Records Filing instructions of the United States District Court and the Court's individual rules and practices, if any.

18. Nothing herein shall be deemed to waive any applicable privilege. Pursuant to Fed. R. Evid. 502(d) and Fed. R. Civ. P. 26(b)(5)(B), no privilege or protection is waived by disclosure connected with this lawsuit, nor is any such disclosure a waiver in any other federal or state proceeding, and any disclosed material is subject to return to the producing party on demand without any obligation on the part of the producing party to demonstrate compliance with Fed. R. Evid. 502(b)(1)-(3) and Fed. R. Civ. P. 26(b)(5)(B) relating to inadvertent disclosure. However, nothing herein shall be deemed to waive the right of the receiving party to dispute the producing party's claim of privilege.

19. Confidential or Attorney's Eyes Only material produced pursuant to the terms of this Stipulation and Protective Order shall be used by the receiving party solely for the purposes of this action and solely to the extent necessary for the litigation of this action, including any appeals thereof.

20. Within sixty (60) days of the conclusion of this Action, including appeals, Plaintiffs' counsel shall either return to Defendants' counsel all Confidential and/or Attorney's Eyes Only material, and any copies thereof, in their custody, possession or control and any documents containing Confidential and/or Attorney's Eyes Only material, in whole or in part, and any copies

made therefrom or shall notify Defendants' counsel in writing that all such material has been destroyed. Notwithstanding the foregoing, Plaintiffs' counsel may retain: (1) attorney work product that refers to or relates to Confidential and/or Attorney's Eyes Only material and (2) copies of all documents filed with the Court, including documents filed under seal. Any retained Confidential and/or Attorney's Eyes Only material will continue to be protected by this Stipulation and Protective Order.

21. Within sixty (60) days of the conclusion of this Action, Plaintiff's counsel shall seek to retrieve from the Court's file any Confidential and/or Attorney's Eyes Only material filed in Court and, unless the Court denies the application, shall either return such Confidential and/or Attorney's Eyes Only material to Defendants' counsel within (60) days of retrieval or shall notify Defendants' counsel in writing that all such Confidential and/or Attorney's Eyes Only material has been destroyed.

22. Nothing in this Order shall foreclose the parties from separately negotiating and agreeing in writing to the confidential treatment of documents not contemplated by this Stipulation and Protective Order and identified in Paragraphs 2 and 3 herein.

Dated: June 13, 2023
      Albany, New York

                                  LETITIA JAMES
                                  Attorney General of the State of New York
                                  Attorney for Defendants
                                  The Capitol
                                  Albany, New York 12224

                        By:    /s/ *Brittany M. Haner*
                                  _____
                                  Brittany M. Haner

Assistant Attorney General
The Capitol
Albany, New York 12224
Phone: (518) 776-2389
Email: Brittany.Haner@ag.ny.gov

RICKNER PLLC

By: /s/ Rob R.

Robert Rickner, Esq.
*Attorney for Plaintiff*
14 Wall Street, Suite 1603
New York, New York 10005
Phone: (212) 300-6506
Email:  rob@ricknerpllc.com

IT IS SO ORDERED.

DATED:  June 14, 2023

*/s/ Christian F. Hummel*

Christian F. Hummel
U.S. Magistrate Judge

## **CERTIFICATION**

I certify my understanding that Confidential and/or Attorney's Eyes Only material is being provided to me pursuant to the terms and restrictions of the Stipulation and Protective Order in *Blanford v. Banks, et al.,* Index No. 21-cv-0231, currently pending in the United States District Court for the Northern District of New York. I further certify that I have read the Stipulation and Protective Order and agree to be bound by it.

I understand that all provisions of the Stipulation and Protective Order restricting the communication or use of Confidential and/or Attorney's Eyes Only material, including but not limited to any notes or other transcriptions made of Confidential and/or Attorney's Eyes Only material therefrom, shall continue to be binding during the pendency of and after the conclusion of this action.

Dated: _____

_____
SIGNATURE

_____
PRINT NAME

_____

_____
ADDRESS

_____
TELEPHONE NUMBER